**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4223**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEVON O'SHEA VANHORN, a/k/a Von,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:23-cr-00044-2)

Submitted:  June 1, 2026                              Decided:  August 6, 2026

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Moore Capito, United States Attorney, Judson C. MacCallum, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District Court for the Southern District of West Virginia, Defendant Tevon O'Shea Vanhorn challenges the validity of his conviction and sentence. We affirm.

Vanhorn pleaded guilty, without plea agreement, to one count of alleged conspiracy to distribute 50 grams or more of methamphetamine and a quantity of fentanyl, in violation of 21 U.S.C. § 846. The government's proffer described intercepted communications and two traffic stops yielding 44 grams of methamphetamine and 33 grams of fentanyl in one, and 74 grams of methamphetamine and 98 grams of fentanyl in the other. Vanhorn disputed some quantity details but ultimately admitted participating in drug transactions with named individuals. The court accepted the plea, finding an adequate factual basis.

The U.S. Probation Office subsequently prepared a Pre-Sentence Investigation Report ("PSR") which recommended a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for drug storage and sales ("premises enhancement"). The recommendation was based on evidence that Vanhorn stored narcotics at a mobile home on Wayson Drive in Nitro, West Virginia, directed others there to collect drugs, and compensated the occupant for its use. Vanhorn objected to the enhancement, but the district court overruled the objection, citing co-defendant statements, intercepted calls, surveillance, and other PSR evidence. The intercepted communications, surveillance, and subsequent traffic stops uncovered that Vanhorn supplied narcotics to multiple individuals and directed drug transactions involving methamphetamine and fentanyl. The court calculated the advisory range to be 210-261 months' imprisonment

2

plus five years' supervised release and ultimately sentenced Vanhorn to 210 months of imprisonment.

On appeal, Vanhorn contends that the district court failed to establish a sufficient factual basis to support his guilty plea and erred in imposing a two-level premises enhancement. Because Vanhorn did not move in the district court to withdraw his guilty plea nor challenge the adequacy of the factual basis for the plea, our review is limited to plain error. *United States v. Mastrapa*, 509 F.3d 652, 657 (4th Cir. 2007). To succeed under this standard, Vanhorn must show: "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018). A defendant who seeks reversal of his conviction after a guilty plea, on the grounds that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Davila*, 569 U.S. 597, 608 (4th Cir. 2013). Vanhorn also contends the district court's application of the two-level enhancement under U.S.S.G § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing controlled substances was not supported by the record. We review factual findings for clear error and legal conclusions regarding the Sentencing Guidelines *de novo*. *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020).

On review, we find no errors in the district court's judgment. Rule 11(b)(3) requires the court to ensure a factual basis for the plea, a determination committed to the court's broad discretion. Here, the court read the indictment, explained the conspiracy elements,

3

confirmed Vanhorn's understanding, and relied on his admissions and the government's proffer—including intercepted communications, coordinated drug transactions, and drug seizures—to find a sufficient basis under 21 U.S.C. § 841(b). Although Vanhorn disputed certain relationships and quantities, the record supports the conclusion that he knowingly participated in the charged conspiracy.

The premises enhancement was similarly supported by sufficient evidence. Based on the undisputed facts in the PSR, the Court found that Vanhorn stored narcotics and conducted drug transactions at a co-conspirator's residence. Intercepted communications, surveillance, and a fentanyl seizure further supported that Vanhorn directed drug activity from the property. Relying upon these findings in the PSR, the court properly applied the enhancement.

After a thorough review of the appellate record and the parties' submissions, we find no error warranting reversal.

* * *

Accordingly, we reject all of Vanhorn's appellate claims and affirm the judgment below. We also conclude that oral argument is unnecessary, as the facts and legal issues are fully set forth in the record and further discussion would not assist in our decision process.

*AFFIRMED*

4